■ ANDREW N. HOROCH, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32395.)— Appeal by the claimant from a judgment dismissing his claim against the State of New York, duly filed in the office of the Court of Claims, based upon findings of fact and conclusions of law of YOUNG, J. The State of New York entered into a contract with Lachow Demolition Corporation on July 30, 1951 for the demolishing of buildings and other miscellaneous work for a total of 3.5 miles along a certain designated and described right of way which was to be used for the construction of the Major Deegan Expressway. On or about November 13, 1952, an underground gasoline tank was removed from a demolished garage by the contractor and placed on the ground outside of the work area. This became the property of the contractor as under the specifications, it stated "The materials and buildings to be demolished shall become the property of the contractor and shall be removed by him". On November 14, 1952, the claimant was working for the contractor, Lachow Demolition Corporation, as a helper to an operator of an acetylene torch. When the steel rods were cut he placed them in a pile in close proximity to the gasoline tank. In the process of doing this work the tank exploded, seriously injuring the claimant resulting in the loss of his left arm and for which he bases his claim for damages against the State of New York. The theory of the claimant is that the engineer who supervised the work on behalf of the State was negligent in either not examining the tank or in allowing the placing of rods near the tank or both. The claimant admitted that Lachow Demolition Corporation was his employer, that he received all orders from them or their employees and that he received no instructions of any kind from the State representative, Mr.

Irving Benjamin, a civil engineer. There was no proof as to who owned the land on which the work was being done at the time of the accident. In *Young v. State of New York* (278 App. Div. 997, affd. 304 N. Y. 677) the court said as follows: "Basically, the appellant's contention for the State's liability in tort is that its appropriate officers and agents were negligent in failing to so police or inspect and supervise the work of the subcontractor as to have prevented the Labor Law violation which was a cause of accidental injury to claimant Young. Neither by statute nor principle of substantive law has so onerous and general a burden and responsibility been cast upon the State. The record is barren of any evidence to support a finding of actionable wrong on the part of any of its officers or employees under the provisions of the statute (Court of Claims Act, §§ 8, 9, subd. 2)." Judgment affirmed, without costs.

Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.